IN THE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLONY INSURANCE COMPANY.

    Plaintiff,

vs.                                        CASE NO.: 23-CV-243

MOTOR DEPOT, LLC, a for-profit limited
liability company, BEN BENGELLOUN,
TAMARA NASSER, NASR ALGHRAIRI,
and MERAL BADAWY,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, COLONY INSURANCE COMPANY ("Colony"), by and through its undersigned counsel, files its Complaint for Declaratory Relief against Defendants, MOTOR DEPOT, LLC ("Motor Depot"), BEN BENGELLOUN, TAMARA NASSER ("Nasser"), NASR ALGHRAIRI ("Alghrairi") and MERAL BADAWY ("Badawy") (collectively "Defendants"), and as grounds therefore states as follows:

**JURISDICTION AND VENUE**

1.    This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1332, because the parties are of diverse citizenship and the amount in controversy is in excess of $75,000.00 exclusive of interest, costs and attorney's fees.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. section 1391(a) because a substantial part of the events, transactions and allegations giving rise to this action occurred in this District.

## **PARTIES**

4. Plaintiff Colony is a corporation organized and existing under the laws of the State of Virginia with its principal place of business in Virginia, and it is authorized to do business in the State of Florida.

5. Defendant Motor Depot is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in Florida. Ben Z. Bengelloun is designated as the manager of Motor Depot and he is the only member of the limited liability company. He is a resident and citizen of Florida, and his address is in Tampa, Florida.

6. Defendants Nasser, Alghrairi, and Badawy are residents and citizens of Florida. For purposes of diversity jurisdiction, Motor Depot, including its member, Nasser, Alghrairi, and Badawy are not citizens of the State of Virginia.

2

## FACTS GIVING RISE TO THE ACTION

7. On or about May 27, 2022, Nasser and Alghrairi filed a "Claims of Tamara Nasser and Nasr Alghrairi" entitled: *In the Matter of the Complaint of Motor Depot, LLC, as Owner of a 2006 Black Hawk Vessel with Hull ID Number IT030015G506, its Engines, Tackle, Apparel, and Appurtenances, etc. for Exoneration from or Limitation of Liability*, in the United States District Court for the Middle District of Florida, case number 8:21-cv-02941-WFJ-TGW ("Nasser Complaint"). (See Nasser Complaint attached as Exhibit "A.")

8. On or about May 27, 2022, Badawy filed a "Claim of Meral Badawy" entitled: *In the Matter of the Complaint of Motor Depot, LLC, as Owner of a 2006 Black Hawk Vessel with Hull ID Number IT030015G506, its engines, tackle, Apparel, and appurtenances, etc. for Exoneration from or Limitation of Liability*, in the United States District Court for the Middle District of Florida, case number 8:21-cv-02941-WFJ-TGW ("Badawy Complaint") (collectively "Complaints"). (See Badawy Complaint attached as Exhibit "B.")

9. The Complaints allege that Motor Depot allegedly owned and operated a 2006 Black Hawk vessel with Hull ID Number IT030015G506 ("Vessel"), when or about June 13, 2021, Ben Bengelloun, manager of Motor Depot, took Badawy, Nasser, and Alghrairi on a test drive of the Vessel on the navigable waters in Hillsborough Bay, in Tampa, Florida. During the test drive,

the Vessel allegedly struck waves, chop, and/or another vessel's wake near Davis Island and the nearby shipping channel known locally as "C" Cut, causing the Vessel to allegedly pitch, roll, and yaw.  As a result, Badawy, Nasser, and Alghrairi were allegedly injured.  The Complaints allege negligence against Motor Depot.

10.     Motor sought a defense and indemnity from Colony for the allegations in the Complaints.

## COLONY'S POLICY ISSUED TO MOTOR DEPOT

11.     Colony issued Garage policy number GP8352680 ("the Policy") to Motor Depot for the policy period of March 24, 2020 to March 24, 2021, with limits of liability of: Each "Accident" Garage Operations – "Auto" Only" for $1,000,000; Other than "Auto" Only for $1,000,000, with Aggregate – "Garage Operations," Other Than "Auto" Only for $3,000,000.  Only Symbols 22 and 29 apply to the liability coverage (defined below).  (See Policy attached as Exhibit "C.")  The Policy contains the following pertinent provisions:

> Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **IV** – Definitions.

* * *

### SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A.   Description of Covered Auto Designation Symbols**

* * *

| Symbol | Description of Covered Auto Designation Symbols |
|---|---|
| 22 | Owned "Autos" Only: Only those "autos" (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 29 | Non-owned "Autos" Used In Your Garage Business: Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company) or members of their households while used in your garage business. |

* * *

### SECTION II – LIABILITY COVERAGE

**A.   Coverage**

    **1.   "Garage Operations" – Other Than Covered "Autos"**

    **a.**    We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

    We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

* * *

**2.**    **"Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

* * *

We have the right and duty to defend any "insured" against a "suit" asking for such damages…. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or

"property damage" … to which this insurance does not apply.

\* \* \*

**3.** **Who Is An Insured**

    **a.** The following are "insureds" for covered "autos":

        **(1)** You for any covered "auto".

        **(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

            **(a)** The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

            **(b)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

            **(c)** Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

\* \* \*

      **b.**    The following are "insureds" for "garage operations" other than covered "autos":

           **(1)**    You.

           **(2)**    Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

\* \* \*

## SECTION VI – DEFINITIONS

**A.**    "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.**    "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.**    "Bodily injury" means bodily injury, sickness, or disease sustained by a person including death resulting from any of these.

\* \* \*

**H.**    "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section **I** of this Coverage Form as covered "autos". "Garage

        operations" also include all operations necessary or incidental to a garage business.

**I.**    "Insured" means any person or organization qualifying as an insured in the Who is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

\* \* \*

**L.**    "Loss" means direct or accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

\* \* \*

The Policy contains an Exclusion – Unmanned Aircraft endorsement (Form G1742-0918), which pertinently provides:

**D.**    **SECTION II – LIABILITY COVERAGE, B. Exclusions, 11. Watercraft Or Aircraft** is deleted and replaced with the following:

\* \* \*

**11.**    **Watercraft Or Aircraft**

\* \* \*

    **b.**    **Watercraft Or Aircraft (Other Than Unmanned Aircraft)**

        Any watercraft or aircraft except watercraft while ashore on premises

> where you conduct "garage operations".

\* \* \*

Attached to the Policy is a Covered Auto Designation Symbol endorsement (Form CA 99 54 07 97), which pertinently provides:

> With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

\* \* \*

> **SECTION I – COVERED AUTOS** is amended by adding the following:
>
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols may be used (in addition to the numerical symbols described in the Coverage Form) to describe the "autos" that may be covered "autos". The entry of one of these symbols next to a coverage on the Declarations designate the only "autos" that are covered "autos".

| Symbol | Description of Covered Auto Designation Symbols |
|---|---|
|  | For use with the Garage Coverage Form |
| **32** | Owned watercraft held for sale, while ashore on premises where you conduct "Garage Operations". |

\* \* \*

Symbol 32 was only listed for comprehensive and collision coverage for damage while the Vesssel was ashore.

12. Colony contends that it has no duty to defend or indemnify Motor Depot or Ben Bengelloun for the allegations in the Complaints. Specifically, Symbol 32 is not listed on the Declarations to the Policy for liability coverage; the Vessel was only covered for comprehensive and collision coverages while ashore. Therefore, the Vessel does not constitute a covered auto for which liability coverage is provided under the Policy. Secondly, the Vessel is excluded from coverage because it was not ashore at the time of the alleged liability losses. Therefore, the Exclusion – Unmanned Aircraft endorsement, b. Watercraft Or Aircraft (Other Than Unmanned Aircraft), bars coverage under the Policy. Based on these policy provisions, exclusions, and/or endorsements Colony has no duty to defend Motor Depot or Ben Bengelloun for the allegations in the Complaints. Because Colony has no duty to defend Motor Depot or Ben Bengelloun, Colony has no duty to indemnify Motor Depot or Ben Bengelloun for the alleged losses.

## **COUNT ONE – DECLARATORY JUDGMENT**

13. Colony reiterates and re-alleges Paragraphs 1 through 12, as if fully set forth herein.

14. There exists a *bona fide*, actual, present and practical controversy and need for the declaration of coverage (duties to defend and indemnify) available to Defendants under the Policy issued by Colony to Motor Depot.

15. There exists a present ascertainable set of facts, or present controversy as to a state of the facts, concerning the rights and obligations of the parties under the policy of insurance, or the parties are in doubt as to the coverage provided by Colony.

16. Colony and the Defendants have actual, present, adverse and antagonistic interests in the subject matter described herein.

17. All proper and present antagonistic or adverse interests are before this Court by proper process.

18. All conditions precedent to the initiation or the maintenance of this action were met, occurred or were waived.

19. All parties who do or may claim an interest in the subject matter hereof are joined herein as parties.

20. Pursuant to 28 USC Section 2201, Colony is entitled to a declaration that Colony has no duty to defend Motor Depot or Ben Bengelloun for the allegations in the Complaints pursuant to the policy provisions, exclusions, and/or endorsements in the Policy. Because no duty to defend exists, Colony has no duty to indemnify Motor Depot or Ben Bengelloun for the alleged losses in the Complaints.

WHEREFORE, Colony respectfully requests this honorable Court to enter judgment in its favor declaring that: 1) Colony has no duty to defend Motor Depot

or Ben Bengelloun for the allegations in the Complaints pursuant to the policy provisions, exclusions, and/or endorsements in the Policy; 2) Because no duty to defend exists, Colony has no duty to indemnify Motor Depot or Ben Bengelloun for the alleged losses in the Complaints; 3) Motor Depot is required to reimburse Colony for the attorney's fees and costs incurred to defend Motor Depot for the allegations in the Complaints; and 4) such other and further relief to which it is entitled.  Colony further demands a trial by jury for those issues which are triable, and an award of taxable costs in this action.

      February 3, 2023.

                                    BUTLER WEIHMULLER KATZ CRAIG LLP

                                    */s/ Kathy J. Maus*
                                    KATHY J. MAUS, ESQ.
                                    Florida Bar No.:  0896330
                                    kmaus@butler.legal
                                    J. BLAKE HUNTER, ESQ.
                                    Florida Bar No.:  570788
                                    jhunter1@butler.legal
                                    Secondary: bsumrow@butler.legal
                                    Mail Center: 400 N. Ashley Drive,
                                              Suite 2300
                                              Tampa, Florida 33602
                                    Telephone: (850) 894-4111
                                    Facsimile: (850) 894-4999
                                    *Attorneys for Colony Insurance Company*